RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 6 /12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT MICHAEL MARINO,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:10-CV-01656 |
| VERSUS | |
| W.A. SHERROD, et al.,<br>Defendants | JUDGE JAMES T. TRIMBLE JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Vincent Michael Marino ("Marino") on October 22, 2010. Marino is contesting his 1997 conviction by a jury in the United States District Court for the District of Massachusetts on one count of a RICO violation, one count of a RICO conspiracy, and one count of conspiracy to commit murder, for which he was sentenced to a total of 420 months imprisonment. See U.S. v. Marino, 277 F.3d 11 (1st Cir), cert. den., 536 U.S. 948, 122 S.Ct. 2639 (2002).

Marino raises the following grounds for relief in his Section 2241 petition:

> 1. The government committed reversible error through a fraud upon the court by placing dismissed Count 30 (predicate racketeering act of cocaine conspiracy) back on the verdict sheet, causing Marino to serve an extra 30 years imprisonment.
>
> 2. Governmental interference blocking Marino's due process rights and showing he is actually, factually, and legally innocent of violating RICO and of a RICO conspiracy, by using the dismissed cocaine conspiracy

count as a predicate racketeering act.

3. Governmental interference by failing to hand over exculpatory material (Brady evidence) showing FBI agents Buckley and Connolly received cash payoffs from Marino's alleged enemies' (Bulger's and Flemmi's) criminal enterprise.

4. Governmental misconduct as FBI Agent Connolly instigated and fomented violence on June 16, 1989 (attempted murder of Salemme) and informants Flemmi and Bulger called Salemme to the location where he was to be killed. Marino argues he was given a 36 point offense level enhancement even though the jury found him not guilty of Counts 1 and 2.

## Facts

The voluminous facts of this complex case are set forth by the United States 1st Circuit Court of Appeals in two separate, related opinions at U.S. v. Marino, 200 F.3d 6, (1st Cir. 1999), and U.S. v. Marino, 277 F.3d 11 (1st Cir. 2002), cert. den., 536 U.S. 948 (2002). Due to their length, they are not reproduced herein.

## Law and Analysis

Marino previously filed a Section 2255 motion which was denied by the district court in Massachusetts and by the First Circuit Court of Appeals (Marino v. U.S., 4:03-cv-40143-NMG (D.Mass. 2003)), two motion for writ of habeas corpus pursuant to Section 2241 which were summarily dismissed in 2007 as having been filed without permission as required by a 2006 order of the Massachusetts district court (Marino v. U.S., 1:07-120690NMG (D.Mass. 2007), and Marino v. Warden, 1:07-cv-12070-NMG (D.Mass. 2007)), and a motion for writ of habeas corpus pursuant to Section 2241 which was denied

2

by the district court in Oklahoma in 2010 (Marino v. Kastner, 2010 wl 3522453 (W.D. Okla 2010)). Marino filed the current Section 2241 petition on October 22, 2010.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Massachusetts district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. Lee, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

Jeffers, 253 F.3d at 829. Also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been

4

imprisoned for conduct that was not prohibited by law. <u>Jeffers</u>, 253 F.3d at 830, citing <u>Reyes-Requena</u>, 243 F.3d at 903-904.

In the case at bar, Marino argues he is "actually innocent" and meets the "cause and prejudice" standard applicable to a Section 2255 motion to vacate, set aside, or correct sentence. However, since Marino has filed a previous Section 2255 motion, he must now meet the much narrower requirements of Section 2241 through the savings clause of Section 2255. Since he has not cited and relied on a *retroactively applicable Supreme Court decision which establishes that the he may have been convicted of a nonexistent offense* in order to prove he is "actually innocent," he has not met the narrower requirements of Section 2241 and the savings clause of Section 2255.

Since Marino has not met the savings clause requirements, his claims are not properly brought under Section 2241, and this court lacks jurisdiction to consider his claims under Section 2255.[1]

---

[1] If Marino wants to file a second or successive Section 2255 motion (which would not have to meet the gate-keeping requirements of Section 2241), he must obtain authorization from the United States 1st Circuit Court of Appeal prior to doing so.
    Section 2244(b)(2) states: "A claim presented in a second or successive habeas corpus application under Section 2254 that was not presented in a prior application shall be dismissed unless- (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."
    Section 2244 (b)(3)(A) then qualifies (b)(2) by adding,

Therefore, Marino's habeas petition attacking his federal convictions and sentences should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Marino's Section 2241 petition attacking his federal convictions and sentences be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

---

"Before a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*" (Emphasis added.) The requirement that the petitioner obtain authorization from the appellate court prior to filing in the district court is reinforced in (b)(4), which states, "(4) A district court shall dismiss any claim presented in a second or successive application *that the court of appeals has authorized to be filed* unless the applicant shows that the claim satisfies the requirements of this section."
    Thus, *after* the Court of Appeal authorizes the petitioner to file his petition in the district court, the district court may then consider whether the petition is second or successive and, if so, whether it meets an exception to the procedural bar to consideration of the merits as set forth in Section 2244(b)(2).

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6th day of January 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE